**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**BETH P. GESNER**
**UNITED STATES MAGISTRATE JUDGE**

**101 W. LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-4288**
**(410) 962-3844 FAX**

December 4, 2009

Frank P. Calamita, III, Esquire
Alfred B. Albiston, Esquire
Richard H. Sedgley, Esquire
AquaLaw PLC
Six S. Fifth Street
Richmond, Virginia 23219

Chris S. Mason, Esquire
Paul D. Wilber, Esquire
Webb, Burnett, Cornbrooks, Wilber,
Vorhis, Douse & Mason
115 Broad Street
Salisbury, Maryland 21801

Christopher Eddy Hassell, Esquire
Bonner, Kiernan, Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, D.C. 20036

Andrew J. Marcus, Esquire
Bonner, Kiernan, Trebach & Crociata LLP
1250 I Street, N.W., Suite 600
Washington, D.C. 20005

Subject: City of Salisbury v. O'Brien & Gere Engineers, Inc.
Civil No. BEL-09-2950

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **Monday, April 11, 2011 at 10:00 a.m. to be held in my chambers** (Room 7C, United States Courthouse, Baltimore, Maryland). If any of you have a conflict with this date, you should submit a letter to my chambers requesting rescheduling and include alternate dates for the conference which you have confirmed are acceptable to all parties.

It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. A person with "complete authority" is someone who has the experience and judgment to exercise that authority *without having to consult with anyone who is not in attendance at the settlement conference*.[1] Attendance by the attorney for a party is not sufficient. *See* Local Rule 607.3. **Please also be advised that the conference may take the entire day.**

[1]This requirement will only be waived upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration at least two weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner. Counsel should obtain the position of opposing counsel regarding their request and note that position in their letter to me.

No later than **Monday, March 28, 2011** I would like to receive from each party a short letter candidly setting forth the following:

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

3. Reference to any pending dispositive or other motions that would have a significant effect on settlement for the Court to review prior to settlement (please include a copy of the motion(s) and the paper number(s));

4. An evaluation of the maximum and minimum damage awards you believe likely;

5. The history of any settlement negotiations to date; and

6. Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted ex parte and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[2]

In addition to submitting ex parte letters as required above, the parties shall exchange written settlement demands/responses prior to the commencement of the settlement conference. First, Plaintiff shall forward a written settlement demand to the Defendant(s) no later than one month prior to the settlement conference. Plaintiff's demand shall particularize, at a minimum, each category of damages claimed and the method by which it was calculated, as required by Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure. Plaintiff's demand also shall include any request for non-monetary relief and the explanation and basis therefore. Defendant(s) shall respond, also in writing, within one week of receiving the demand. The response shall address each category of damages claimed and shall likewise identify any evidentiary support for Defendant(s)' response. If the Defendant(s) intends to respond to the demand by offering nothing, that shall be expressly stated and the response will include an explanation for this position. This correspondence between the parties shall be included with the ex parte letters submitted to the Court. Failure to comply with the

[2] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

requirements of this paragraph may result in the postponement or continuation of the settlement conference.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/S/

Beth P. Gesner
United States Magistrate Judge

cc: Chief Judge Legg