IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CITY OF SALISBURY, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. L-09-2950 |
| OBRIEN & GERE ENGINEERS, INC., | * | |
| Defendant. | * | |

**************

## MEMORANDUM

Now pending is the City of Salisbury's Motion to Amend/Correct/Motion to Amend, Join Defendant and Remand to the Circuit Court. (Paper No. 23). The background of the motion and the legal principles under which it should be judged are well developed in the papers and need not be repeated here. The Court will, by separate order, GRANT the motion and REMAND the case to the Circuit Court for Wicomico County.

Defendant, O'Brien & Gere Engineers, Inc. ("OBG") removed this case, which was originally filed in state court, on the basis of diversity. The City seeks to amend its complaint by adding a non-diverse party, Construction Dynamics, Group, Inc. ("CDG"). Because the case is in its early stages, the amendment should be allowed unless CDG is a sham party added on a pretext to defeat federal jurisdiction.

The City contends that CDG, as the construction manager, was jointly at fault with OBG for problems that have beset the project. "In this capacity, CDG has also been partially or wholly responsible for some of the failures in performance of the contract and professional negligence described in Plaintiff's Complaint." P. 4.

At this early stage in the case, it cannot be said that CDG is a make-weight defendant. Accordingly, the motion to amend must be granted and the case must be remanded to the Circuit Court for Wicomico County.  If CDG is dismissed as a party, OBG can remove the case a second time.[1]

Dated this 25th day of March, 2010.

_____/s/_____
Benson Everett Legg
Chief Judge

---

[1] While 28 U.S.C. § 1446(b) provides that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action," the one year time limit for removal is not inflexible.  See Tedford v. Warner-Lambert Co., 327 F.3d 423, 426 (5th Cir. 2003).  If a federal court determines that a party has manipulated the removal rules – i.e. added an additional defendant for the sole purpose of defeating diversity – the Court may "[apply] an equitable exception in the form of estoppel" and permit the case to be removed.  Id. at 427.